IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| WINFORD BALDWIN, JR., an individual; and VAKELA HUMPHRIES, as mother and next friend of minor, M.H., an individual;     Plaintiff, v. THOMAS REEVES, an individual; and PAM TRANSPORT, INC., a corporation;     Defendants. | CIVIL ACTION NO. 2:22cv686-MHT (WO) |

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The

allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332; *see also* 2 James Wm. Moore, et al., Moore's Federal Practice & 8.03[5][b] at 8-10 (3d ed. 1998).

The notice of removal fails to meet this standard. The notice pleads that the two individual plaintiffs and one individual defendant are residents of certain States and are "[t]hus" citizens of those states. Notice of Removal (Doc. 1) at 3. However, citizenship is based on domicile--not residence--and domicile is determined by both residence and an intent to remain there indefinitely. *See Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984). While the notice of removal does allege the citizenship of these parties, it also makes clear that these allegations of citizenship are based on an assessment of only one of the requirements of domicile. *See, e.g.,* Notice of Removal (Doc. 1) at 3 ("On information and belief,

2

Plaintiff Baldwin is a resident of Alabama. (Ex. 1, Compl. at ¶ 1). Thus, Baldwin is a citizen of the State of Alabama."). This error undermines the sufficiency of the allegations of citizenship.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the removing party has until January 9, 2023, to amend the notice of removal to allege jurisdiction sufficiently, *See* 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 19th day of December, 2022.

                                      /s/ Myron H. Thompson
                                 **UNITED STATES DISTRICT JUDGE**