IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| WINFORD BALDWIN, JR., an individual; and VAKELA HUMPHRIES, as mother and next friend of minor, M.H., an individual;<br><br>　　Plaintiff,<br><br>　　v.<br><br>THOMAS REEVES, an individual; and PAM TRANSPORT, INC., a corporation;<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO.<br>)     2:22cv686-MHT<br>)         (WO)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

The allegations of the amended notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The

allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332.

The amended notice of removal fails to meet this standard.  As the defendants recognize, citizenship is based on domicile--not residence--and domicile is determined by both residence and an intent to remain there indefinitely.  *See Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984).  The amended notice pleads that the two individual plaintiffs are residents of Alabama but says that the defendants "cannot speak to their intent to remain in those states because they not had discovery yet."  Amended Notice of Removal (Doc. 8) at 3.  Yet the defendants do not request jurisdictional discovery or attempt to show citizenship by reference to where the plaintiffs have, for example, their voter registration.  *See Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1157 (11th Cir. 2021) ("[C]ourts look to various factors in determining a

2

person's intent to remain in a state, including property or business ownership, where the plaintiffs pay taxes and are registered to vote, and sworn statements of intent to remain."). Thus, defendants have failed to allege diversity of citizenship sufficiently.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed in this court.

DONE, this the 20th day of January, 2023.

                     /s/ Myron H. Thompson
                     **UNITED STATES DISTRICT JUDGE**